GUY TURNER AND HARRY A. TURNER, BY THEIR NEXT FRIEND,

v.

ARTHUR L. TURNER AND BENJAMIN F. TURNER.

*Administration—Bill to Recover Amount of Claim Allowed through Fraud and Collusion—Advancement—Statute of Limitations.*

Upon a bill filed to recover the amount of a claim allowed in the County Court against an estate, it is *held:* That the claim presented by the father of the deceased was for money advanced to his son as a gift; that it was barred by the Statute of Limitations, and that it was allowed through fraud and collusion between the claimant and the administrator.

[Opinion filed June 14, 1886.]

IN ERROR to the Circuit Court of Livingston County.

Immediately following this case appears a report of the opinion of this court herein on a petition for a rehearing.

Messrs. A. E. HARDING and O. CHUBBUCK, for plaintiffs in error.

Messrs. JOHN H. JACKSON and J. T. TERRY, for defendants in error.

*Per Curiam.* The appellants filed their bill in equity against defendants in error to recover the amount of a claim allowed in the County Court against the estate of William E. Turner, the father of plaintiffs in error, in favor of the father of said deceased and the grandfather of plaintiffs in error, Benj. F. Turner, of $1,080. Another son of Benj. F. Turner and brother of Wm. E., Arthur L. Turner, was the administrator of the estate and is one of the defendants in error. The estate had been settled up and the administrator discharged. The charge is that by fraud and collusion between the claimant and the administrator this claim was allowed and paid.

The bill was, on final hearing by the court below, dismissed. The only question in the case is whether the evidence sufficiently shows fraud and collusion between the administrator and the claimant. There is no positive proof of such collusion and if it existed it must be established by the circumstances and the surroundings, but if established by such circumstances it is sufficient.

It appears from the evidence that Wm. E. Turner died some time in December, 1881, leaving his wife Nellie J., now by marriage, Raub, and his two infant children, who are the complainants and plaintiffs in error. The defendant in error, Arthur L. Turner, was by his own request appointed administrator of the estate consisting of personalty amounting to over $3,000. The administrator was appointed about December 27, 1881.

On the 4th of March, 1882, the said Benj. F. Turner filed an account against the estate in the County Court for the amount of $50, claimed to have been loaned to Wm. E. Turner, deceased, in his lifetime, on August 26, 1879, which claim with the interest, $8.25, was duly allowed by the court and was afterward paid by the administrator. About one year before his discharge, which took place in January, 1884, the administrator had one or more conversations with Mrs. Raub, the mother of the plaintiffs in error, in which he told her that all the claims had been allowed against the estate that he knew anything about, and that there would be about $1,000, after paying the debts and costs, to distribute. After this he had

a conversation with her in regard to the appointment of a guardian for the children, desiring to be appointed himself. But Mrs. Raub refused and wanted her father, A. B. Moore, appointed, when he replied in substance that his father was much opposed to that, and said he would disinherit the children if it was done.    Shortly after this conversation Benj. F. Turner, October 26, 1883, made out another account against the estate for money paid to the use of deceased, and swore to it before John H. Jackson, a notary public.    It is shown by the testimony of the County Judge, Wallace, before whom the claim was allowed, that the administrator presented the claim for allowance himself, when the Judge told him there must be an affidavit which the administrator filed December 4, 1883, with the claim, and the claim was allowed June 3, 1884.    No testimony was required by the administrator, but he vouched for the correctness of the claim himself, which was then allowed without proof.    It further appears from the evidence that this money was advanced by the father to his son, Wm. E., deceased, some time prior to 1877, and as we think the evidence shows was a gift, as was also another $1,000 to another son about the same time, no note ever being taken for the amount.    To say the least, the Statute of Limitations had run against the claim and the proof fails to show that it had ever been revived.

The evidence tending to show a gift to the deceased son, coupled with the peculiar manner in which this claim was presented, so long after the first claim of the father was filed, and the administrator being the active agent in having it allowed without requiring proof, and his previous statement, we regard as strong evidence of collusion, and in connection with the other circumstances, sufficient to establish the fact that the claim was not a valid one; that the money advanced to the deceased was a gift, and never intended by the father to be claimed against the son or his estate.

The evidence also shows that the Statute of Limitations had run against the claim.    The evidence also, we think, establishes the fact that the administrator well knew it, and that he procured his father to present the claim for allowance in which,

he was the active agent in procuring its allowance with the fraudulent intent of absorbing the balance of the estate and depriving the complainants of it.  If the least defense had been interposed to the allowance of the claim it never could have been allowed, which the administrator must have known.

We are fully satisfied that the infant complainants have been defrauded out of this large sum of money by this " trumped-up " claim which the administrator actively assisted in getting allowed.  This is sufficient to give a court of equity jurisdiction, and the bill should not have been dismissed, but the finding and decree should have been in favor of the complainants, for the amount out of which they were defrauded by the allowance of this unjust claim.  The decree of the court below is therefore reversed, and the cause remanded to the court below.

*Decree reversed and cause remanded.*